**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**DARON DAVIS**                                                                                        **PLAINTIFF**

**VS.**                                           **CASE NO. 3:14CV00155 PSH**

**CAROLYN W. COLVIN, Acting Commissioner,
    Social Security Administration**                                      **DEFENDANT**

**ORDER**

Plaintiff Daron Davis ("Davis") appeals the final decision of the Commissioner of the Social Security Administration (defendant "Colvin") denying his claim for Supplemental Security Income benefits (SSI). He contends the Administrative Law Judge (ALJ) erred in the following ways: (1) failing to comply with the Appeals Council's prior remand order; (2) failing to correctly assess Davis' residual functional capacity (RFC); and (3) failing to find Davis disabled pursuant to Grid Rule 201.06. The parties have ably summarized the medical records and the testimony given at the administrative hearings conducted on January 9, 2012, and April 15, 2013[1]. (Tr. 52-90, 24-51). The Court has carefully reviewed the record to determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g).

An initial review of the record is helpful. Specifically, the ALJ, in his first decision in

---

[1] Two hearings were conducted because the Appeals Council, on December 17, 2012, remanded the case for further proceedings. Specifically, the Appeals Council sought additional information about Davis' RFC, his impairments, his need for a cane, and his respiratory impairments and sleep apnea. (Tr. 124-127).

1

February of 2012, found Davis had the RFC to perform the full range of light work[2]. The ALJ attributed "substantial weight" to the opinions of the state agency medical consultants, who found Davis capable of light work on a sustained basis. The ALJ noted the record "does not contain an assessment from any of the claimant's treating physicians." (Tr. 119). In the ALJ's second opinion, following the remand of the case, the ALJ found Davis had the RFC for light work so long as he avoided exposure to concentrated pulmonary irritants. (Tr. 15). The ALJ again gave "substantial weight" to the opinions of the state agency medical consultants, who found him capable of light work on a sustained basis. Once again the ALJ noted the record was devoid of a formal assessment by any treating physician. (Tr. 17).

We turn now to the arguments advanced by Davis. Since we find merit in the second claim for relief, we bypass any detailed discussion of his first and third arguments.

**RFC:** Davis faults the ALJ's RFC conclusion, in large part because it allegedly fails to give proper weight to the findings of treating physicians Drs. Potts and Hall while overemphasizing the findings of the state agency medical consultants. Initially, we note that the RFC need not mirror the findings of any one physician, as the ALJ is not bound to choose any one physician and adopt his/her findings as the appropriate RFC. Instead, it "is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). And while the ALJ is to consider all relevant evidence, not all

---

[2] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. §416.967(b). In addition, "[l]ight work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10.

of the evidence is to be given equal value. For example, a treating physician's medical opinions are given controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are not inconsistent with the other substantial evidence. *See Choate v. Barnhart*, 457 F.3d 865, 869 (8th Cir. 2006) (internal quotations omitted). The ALJ may discount or even disregard a treating physician's opinions if "other medical assessments are supported by better or more thorough medical evidence or where a treating physician renders inconsistent opinions that undermine the credibility of his opinion." *See Id.* (internal quotations omitted).

We review the findings of treating physicians Hall and Potts, and the ALJ's treatment of their opinions. In July of 2011 Dr. Hall saw Davis for back pain, diagnosing "degenerative disc disease throughout the back throughout the lumbar spine." (Tr. 478). Dr. Hall noted Davis was currently unemployed, and the back pain had affected his ability to perform his last job as a waiter. Dr. Hall assessed Davis with low back pain with radiculopathy left, finding degenerative disc disease at L4-L5 and L5-S1. He commented that Davis' pain could further limit functioning, "particularly being on his feet all day." (Tr. 478).

On January 19, 2013, Dr. Potts examined Davis, diagnosing him with "spine degenerative arthritis." (Tr. 532). Dr. Potts found functional loss and/or functional impairment of the thoracolumbar spine, with less movement than normal, pain on movement, and disturbance of locomotion. (Tr. 535-536). In addition, Dr. Potts found localized tenderness or pain to palpation for joints and/or soft tissue in Davis' back. Dr. Potts noted that imaging studies confirmed the arthritis in Davis' back, and stated that the back condition impacted Davis' ability to work "only for very physically demanding jobs; should be no problem with more sedentary jobs with the lumbar degenerative arthritis." (Tr. 542). The records of both Drs. Hall and Potts confirm Davis' testimony

of pain treatment with oxycodone[3]. (Tr. 527, 480).

Though the ALJ was correct in stating that these treating physicians did not provide "a formal assessment" it does not follow the ALJ was correct in embracing the nonexamining state agency physician's opinion that Davis could perform light work. To the contrary, even if not in a formal assessment, the findings of the treating physicians are controlling if they are well-supported and not inconsistent with other substantial evidence. *See Choate v. Barnhart*, 457 F.3d 865, 869 (8th Cir. 2006). The opinion of a nonexamining state agency physician falls short of "other substantial evidence" to counter the findings of the treating physicians. To be clear, the records of Drs. Hall and Potts are in accord that Davis has an impairment in his back, the impairment is verified by imaging studies, the impairment has long been treated with strong pain medication, and the impairment functionally limits the type work which Davis can perform. A fair reading of the medical records of these treating physicians is that Davis can perform sedentary, but not light, work, as he is unable to perform the "good deal" of walking or standing required by light work. The ALJ does not point to other evidence of record to contradict these findings. Instead, the ALJ points to the opinion of nonexamining state agency physicians[4]. Such an opinion does not rise to the level of substantial evidence. Therefore, the ALJ's RFC determination for light work is not supported by substantial evidence of record.

---

[3] At both administrative hearings Davis testified to taking at least four oxycodone pills daily. (Tr. 33, 59).

[4] Although the ALJ describes the state agency physicians as "highly-qualified, non-examining medical sources" it is well-settled that nonexamining sources are generally given less weight than those of examining sources. (Tr. 17). This is especially true when, as here, the nonexamining sources provide their opinions in a checklist format. (Tr. 427-434, 468-470). *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011).

This case must be remanded. On remand, the ALJ is directed to reevaluate Davis' RFC, obtaining additional medical evidence, if necessary. Although Davis' third argument for relief alleges Rule 201.06 of the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2, mandates a finding that he is disabled, we cannot agree that the record necessarily supports this conclusion. The ALJ should address this claim on remand.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is reversed and remanded. This remand is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 28th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE